In the Matter of the Application of BERTRAND E. JOHNSON for Admission to Practice as an Attorney. (From the State of Oklahoma.) — Application granted. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of NATHAN LEVINE for Admission to Practice as an Attorney. — (From the State of Wisconsin.) Application granted. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of ISAAC N. TRAININ for Admission to the Bar. — Application denied. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of RAYMOND OLIVER WOLCOTT for Admission to Practice as an Attorney. (From the State of Minnesota.) — Application granted. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of CHARLES D. WOODRUFF for Admission to Practice as an Attorney. (From the State of Illinois.) — Application granted. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

ANDREW GOW, JR., Respondent, v. HAROLD EGBERT et al., Appellants. — In an action for a partnership dissolution and accounting, and for other relief, interlocutory judgment entered in favor of plaintiff reversed on the facts, without costs, and a new trial granted upon condition that within five days after the entry of an order hereon appellants file a surety company undertaking in the sum of $5,000, conditioned to the effect that appellants will not dispose of any of the assets, fixtures, accounts, stock, good will or property, either real or personal, of Staten Island Welding Service, except as may be necessary for the continued conduct of the business, and will obey all orders of the court in the action and perform all things which the judgment therein requires them to perform. Upon failure to comply with the condition of this reversal, the judgment is unanimously affirmed, with costs to respondent. In the event of and for the purposes of a new trial, all findings of fact are reversed and the conclusions of law are disapproved. The appeal from the decision, findings of fact, and order is dismissed, without costs. Upon this record it may not be held that the trial justice's refusal to grant the application for further adjournment of the trial was an abuse of discretion. In view of the fact, however, that a trial of the main issue, as to the existence of a partnership, may finally dispose of the litigation, a new trial is granted in the interests of justice. Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ., concur.